IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD CHARLES LINGERMAN,       )
                                )
                Plaintiff,      )
                                )
        v.                      )   Civil Action No. 14-187-E
                                )
CAROLYN W. COLVIN, ACTING       )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
                Defendant.      )


O R D E R

AND NOW, this 29th day of September, 2015, upon consideration of the parties'

cross-motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision, denying Plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim

for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42

U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial

evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of

Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178,

1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d

1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (citing <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") failed to consider significant relevant evidence in making his assessment of Plaintiff's residual functional capacity ("RFC"). Specifically, Plaintiff alleges that, because the ALJ's decision failed to address three specific pieces of evidence in the record, the Court cannot meaningfully evaluate whether the ALJ's finding is supported by substantial evidence. Additionally, Plaintiff contends that the ALJ did not properly evaluate the opinion evidence of the state agency review physician. The Court disagrees and finds that the ALJ properly evaluated the relevant evidence presented, and that substantial evidence supports the ALJ's findings, as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

     First, the Court finds no merit in Plaintiff's contention that the ALJ erred in failing to consider a particular CT scan from July 31, 2008, because the scan referenced by Plaintiff was conducted long before the relevant time period in this case. Here, Plaintiff has the burden of presenting evidence that establishes that he was disabled from the time of his alleged disability onset date (May 26, 2011) until the date of the ALJ's decision (November 6, 2012). <u>See</u> 20 C.F.R. §§ 404.1512(a), 416.912(a). In any case, however, the Court notes that the ALJ did, in fact, reference this scan and its related findings in his decision. (R. 26, 267-69) ("A lumbar CT scan showed broad-based posterior bulging of the discs at L4 and L5.").

     Plaintiff also claims that the ALJ failed to consider the evaluations done at the Erie Veterans Affairs Medical Center in connection with his claims for Veterans Benefits. The first evaluation, by Michael Orinick, III, M.D., was conducted on May 14, 2010—once again, well before the time of Plaintiff's alleged disability onset date, as discussed above—so the ALJ was not obligated to include it in his discussion. The second evaluation, by Katherine Gobbie, M.D., on March 1, 2012, occurred during the relevant time period and was, in fact, discussed by the ALJ in his decision. While not mentioning Dr. Gobbie by name, included in his discussion of a great deal of medical evidence, the ALJ explained that "[h]ospital records from the VMAC noted on March 1, 2012 that the claimant had a peripheral nerve condition or peripheral neuropathy. The claimant underwent EMG of the bilateral lower extremities and that during examination, the physician noted significant neuropathy of the lower extremities. He had symptoms attributable to any peripheral nerve conditions. However, muscle strength was 5/5 with no muscle atrophy (Exhibits 12F and 14F). I have considered the above treatment records." (R. 28, 360-79). Plaintiff's argument in this regard, that the ALJ failed to consider relevant evaluation evidence, is therefore factually inaccurate.

     Finally, Plaintiff contends that the ALJ erred in rejecting the opinion of the state agency review physician, Dilip S. Kar, M.D. With regard to an ALJ's decision in weighing the various opinions and evidence presented, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." <u>Chandler v. Comm'r of Soc. Sec.</u>, 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, the ALJ must give each opinion appropriate

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

weight based on factors including whether the physician examined or treated Plaintiff, whether the opinion is supported by medical signs and laboratory findings, whether the opinion is consistent with the record as a whole, and whether the opinion is offered by a specialist. See 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, Plaintiff specifically alleges that the ALJ erroneously rejected Dr. Kar's opinion because the ALJ's decision stated that it appeared that Dr. Kar had relied on the consultative examination of Dr. Barac, which restricted the claimant to a range of sedentary work, and which the ALJ had found to be unpersuasive. Dr. Kar did, of course, consider Dr. Barac's opinion in making his assessment, although he expressly declined to agree with Dr. Barac's conclusions. The ALJ did not, however, reject Dr. Kar's entire opinion based on the statement that he had relied on the examination of Dr. Barac, but rather, the ALJ found portions of Dr. Kar's opinion to be unpersuasive because the exertional levels indicated were not consistent with the medical evidence. In fact, the ALJ afforded "little weight" to the portion of Dr. Kar's assessment which restricted Plaintiff to sedentary work because he found that it was not consistent with the treatment records or physical examinations "that revealed sensation was intact, gait was normal, he did not require an assistive device, muscle strength was 5/5 in upper extremities and 4/5 in lower extremities, cranial nerves were grossly intact without any focal deficit appreciated, he could walk on his heels and toes and there was no muscle atrophy." (R. 29). Additionally, the ALJ actually afforded "significant weight" to the portion of Dr. Kar's assessment which indicated that Plaintiff could occasionally perform postural maneuvers, explaining that he found that to be consistent with the treatment records he had discussed previously in his decision. (R. 29). Therefore, upon review of the ALJ's analysis, the Court finds that the ALJ did not err in his consideration of Dr. Kar's opinion.

In sum, the ALJ addressed all relevant evidence in the record, including ample consideration of the medical evidence and opinion evidence, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and substantial evidence to support the ALJ's weighing of the evidence in reaching his final decision. Accordingly, the Court affirms.